# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE D. CALDWELL,<br><br>       Plaintiff,<br><br>  - against -<br><br>ANTHONY D. ROMERO, JO-ANNA JOSEPH, and other employees and agents unknown to Plaintiff of the American Civil Liberties Union Foundation National Office, in their personal and individual capacities as,<br><br>       Defendants. | Case No. 1:11-cv-01304 (EGS) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

I.   THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION ................. 2

II.  PLAINTIFF'S CLAIMS MUST ALSO BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ........................... 5

CONCLUSION ........................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

\* *Ali v. D.C. Court Servs.*,
   538 F. Supp. 2d 157 (D.D.C. 2008) ................................................................. 5

\* *Arencibia v. 2401 Rest. Corp.*,
   699 F. Supp. 2d 318 (D.D.C. 2010) ............................................................. 5, 6

\* *Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ...................................................................................... 6

\* *Bancoult v. McNamara*,
   214 F.R.D. 5 (D.D.C. 2003) ......................................................................... 4, 5

\* *Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................... 6

*Conley v. Gibson*,
   355 U.S. 41, 78 S. Ct. 99 (1957) ...................................................................... 6

\* *Dove v. United States*,
   Civ. A. No. 86-0065, 1987 WL 18739 (D.D.C. Oct. 9, 1987) ...................... 3

*Haines v. Kerner*,
   404 U.S. 519, 92 S. Ct. 594, 596 (1972) ........................................................ 6

\* *Rossmann v. Chase Home Fin., LLC*,
   772 F. Supp. 2d 169 (D.D.C. 2011) ............................................................... 3

**RULES**

\* Fed. R. Civ. P. 12 ................................................................................................ *passim*

**PRELIMINARY STATEMENT**

Defendants' opening papers set forth several reasons that Plaintiff's Complaint should be dismissed for insufficient service of process and lack of personal jurisdiction, pursuant to Rules 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state any claim upon which relief can be granted. In Plaintiff's Opposition, he either concedes Defendants' arguments by failing to address them, or provides information to the Court that is consistent with, and further confirms, Defendants' position. Defendants therefore respectfully request that the Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state any claim upon which relief can be granted.

In the interest of avoiding needless expenditures of resources of the parties and the Court, Defendants have agreed to accept service in this matter, provided such service does not waive their objection to lack of personal jurisdiction. Defendants therefore withdraw their motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.[1]

---

[1] Defendants also note that Plaintiff's argument in his Opposition, that Defendants allegedly attempted to evade service because the packages Plaintiff sent to their employer, the ACLU, by restricted delivery, were not accepted, is meritless. (*See* Opp. at 1-2.) Plaintiff had previously been advised that individuals in the ACLU's mailroom are not authorized to accept service directed to the Defendants in their personal capacities, such as the Plaintiff's attempted service in this matter. (*See* Mem. at 5, 8.) Moreover, prior to filing his Opposition on August 25 (or mailing his August 24 letter to Defendants' counsel regarding this service issue), Plaintiff never contacted Defendants' counsel to request that counsel accept service or provide information that may enable him to properly effectuate service.

## ARGUMENT

### I. This Court Should Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.

Plaintiff asserts in his Opposition that Romero and Joseph are subject to personal jurisdiction in the District of Columbia because: Romero frequently travels to the District of Columbia in connection with his work for the ACLU; Joseph took a trip to the District of Columbia in 2008 on behalf of the ACLU; and Romero and Joseph communicate with individuals in the District of Columbia on behalf of the ACLU by telephone, e-mail and mail. (Opp. at 2-4; Caldwell Aff. ¶¶ 1-3.)[2] Even if true, these allegations fail to provide a basis for personal jurisdiction over Defendants who have been sued in their personal, not ACLU, capacities.[3]

It is well-settled in the District of Columbia that, when individuals such as Defendants Romero and Joseph are sued in their personal capacities, the plaintiff must prove that these individuals' *personal contacts* with the District of Columbia are sufficient to establish personal jurisdiction in the forum. (Mem. at 12-15 (citing cases).)[4] These individuals' *business contacts* with the District of Columbia, while acting on behalf of their employer, are insufficient to confer jurisdiction, and the fact that the defendants may be subject to individual liability under statutes such as the D.C. Human Rights Act does not affect that rule. (Mem. at 12-15, 13 n. 11.) Thus, the

---

[2] Citations to "Opp." or "Opposition" refer to Plaintiff's Response to Defendants' Motion to Dismiss, dated August 25, 2011. Citations to "Caldwell Aff." refer to the Affidavit of Lawrence D. Caldwell, dated August 25, 2011, annexed as an exhibit to Plaintiff's Opposition.

[3] Plaintiff includes many irrelevant statements in his Opposition and Affidavit. The fact that Defendants have not addressed the veracity of these statements in this Reply is not a concession of the accuracy of these statements.

[4] Citations to "Mem." refer to Defendants' opening Memorandum of Points and Authorities in support of their Motion to Dismiss, filed on August 11, 2011.

various alleged actions of Romero and Joseph set forth in the Opposition – all of which, Plaintiff concedes, were taken on behalf of their employer, the ACLU - are insufficient to establish personal jurisdiction over Romero and Joseph in their individual capacities.  (*See* Mem. at 15-17.)[5]

Moreover, Plaintiff's allegation that certain statements in Romero's and Joseph's declarations are "untrue" or "omit[] material facts" is demonstrably false. (*See* Opp. at 1, 2-4.)  With respect to Romero, Plaintiff asserts that Romero's statement in paragraph 12 of his declaration, that he has taken only two personal trips to the District of Columbia, is untrue because Romero has taken many trips to the District of Columbia to conduct business on behalf of the ACLU.  (Opp. at 3; Caldwell Aff. ¶ 1.)  Plaintiff's argument is nonsensical, as it compares two dissimilar and unrelated facts (personal v. business trips) to create a supposed inconsistency. Moreover,  Romero acknowledges that he travels to the District of Columbia on ACLU business.  (Romero Decl. ¶ 11.)  Thus, contrary to Plaintiff's assertions, there is nothing "untrue" in Romero's Declaration.

Similarly, Plaintiff challenges Joseph's statement in paragraph 13 of her Declaration, which states that Joseph "did not visit the District of Columbia for any purpose related to Caldwell's employment with the ACLU National Prison Project." (Opp. at 4.)  Plaintiff asserts that this statement is untrue because in 2008 Joseph

---

[5] Moreover, Defendants' business-related telephone and written communications with individuals located in the District of Columbia do not establish personal jurisdiction.  *See, e.g.*, *Dove v. United States*, Civ. A. No. 86-0065, 1987 WL 18739, at *3 (D.D.C. Oct. 9, 1987) ("Exchange of letters and telephone communications with a party in the District of Columbia alone is not considered a jurisdictionally significant contact by District of Columbia courts.") (internal quotation and citation omitted); *see also Rossmann v. Chase Home Fin., LLC*, 772 F. Supp. 2d 169, 173 (D.D.C. 2011) (same).

travelled to the District of Columbia to meet with the staff of the National Prison Project (which included Plaintiff) and discuss its "efficiency." (Opp. at 4.) Joseph, however, clearly stated in her Declaration that she made two or three business trips to the District of Columbia in the past four years on behalf of the ACLU (i.e., the 2008 trip described by Plaintiff and one or two other trips). (Joseph Decl. ¶ 13.) Moreover, a general meeting between Joseph and the employees of the National Prison Project to discuss the "efficiency" of the National Prison Project and its staff is not a meeting for the purpose of Plaintiff's employment. (*See* Opp. at 4.) Thus, contrary to Plaintiff's assertions, there is nothing "untrue" in Joseph's Declaration.

      Plaintiff has completely failed in his Opposition to refute any of Defendants' arguments regarding the Court's lack of personal jurisdiction over Romero and Joseph or allege any grounds under which personal jurisdiction may be established. Moreover, no amendment of his Complaint or jurisdictional discovery would enable him to establish personal jurisdiction because Romero and Joseph lack the required contacts with the District of Columbia in their individual capacities to be haled into court in this matter. (*See* Mem. at 12-17); *see also Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003) (denying request for jurisdictional discovery because the plaintiffs' allegations "simply are too bare to support an inference of jurisdiction" and were rebutted by defendant's affidavits).[6] Defendants therefore respectfully request that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

---

[6] To the extent Plaintiff includes in his Opposition conclusory statements that are unsupported by any facts (e.g., "Defendants' contacts with the District of Columbia were numerous, significant, and extended over substantial periods of time") (*see* Opp. at 3), these

**II. Plaintiff's Claims Must Also Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted.**

Defendants explained in their opening papers that Plaintiff's claims of discrimination against Romero and Joseph regarding his January 2009 layoff and non-selection for a legislative position he applied for at the ACLU in June 2009 must be dismissed because: (a) there is no individual liability under the ADEA and Title VII; and (b) Plaintiff fails to plead facts to support his conclusory allegations of age discrimination under the DCHRA or any other law.  (Mem. at 17-24.)  In his Opposition, Plaintiff does not provide any additional facts to support his claims.  (Opp. at 5.)  He also does not dispute, and therefore concedes, each argument made in Sections III and IV of Defendants' opening papers, including that Plaintiff: (a) was laid off for economic reasons (a legitimate non-discriminatory reason); (b) does not assert that any similarly situated individual outside of his protected class was retained in the January 2009 layoff; and (c) lacked the necessary qualifications for the legislative position for which he applied, but was not hired in June 2009.  (*Compare* Mem. at 17-24, *with,* Opp. at 5); *see also Ali v. D.C. Court Servs.*, 538 F. Supp. 2d 157, 161 (D.D.C. 2008) (dismissing *pro se* plaintiff's complaint because, *inter alia*, "[i]f a plaintiff [] files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded"); *Arencibia v. 2401 Rest. Corp.*, 699 F. Supp. 2d 318, 325 (D.D.C. 2010) (holding argument not addressed in the plaintiffs' opposition was conceded).

---

statements must be disregarded because such "[b]are allegations and conclusory statements are insufficient" to establish personal jurisdiction.  *Bancoult,* 214 F.R.D. at 9.

Indeed, Plaintiff's only response to Sections III and IV of Defendants' motion to dismiss is his formulaic recitation of the elements of a prima facie case of discrimination. (Opp. at 5.)[7] It is well-settled that this type of conclusory argument is insufficient to defeat a motion to dismiss. *See Arencibia*, 699 F. Supp. 2d at 325 (dismissing claim because "Plaintiffs' generalized allegations of wrongdoing are too conclusory to constitute the basis for a claim" and "Plaintiffs must 'provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).)[8]

Thus, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[7] In Defendants' opening papers, Defendants addressed Plaintiff's conclusory statements regarding his January 2009 layoff and June 2009 non-selection for the legislative position, and explained why these allegations fail to state any claim upon which relief can be granted. (Mem. at 18-24.)

[8] Plaintiff also inaccurately states the standard the Court uses to decide a motion to dismiss under Fed. R. Civ. P. 12(b)(6). He asserts in his Opposition that a motion to dismiss "will not be granted unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim." (Opp. at 5 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).) The case on which Plaintiff relies, however, is supported by the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), which was superseded by the Supreme Court's later decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which established a less restrictive standard for granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (*See* Mem. at 6-7.)

## **CONCLUSION**

Based on the foregoing, Defendants' opening papers and the record as a whole, Defendants request that the Court dismiss each cause of action in Plaintiff's Complaint because the Court lacks personal jurisdiction over Defendants, pursuant to Fed. R. Civ. P. 12(b)(2), and pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiff failed to state any claim upon which relief can be granted.

Dated:    New York, New York
          September 6, 2011

        KAUFF McGUIRE & MARGOLIS LLP

        BY:    /s/ Lisa E. Dayan
              Lisa E. Dayan
              D.C. Bar No. 438363
              dayan@kmm.com

        BY:    /s/ Kenneth A. Margolis
              Kenneth A. Margolis
              margolis@kmm.com

        950 Third Avenue, 14th Floor
        New York, New York  10022
        (212) 644-1010 (Telephone)
        (212) 644-1936 (Facsimile)

        *Counsel for Defendants Anthony D. Romero and Jo-Anna Joseph*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on September 6, 2011 I caused the foregoing Reply Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss For Insufficient Service of Process, Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted to be served by first class mail, postage pre-paid on:

  Mr. Lawrence D. Caldwell
  330 Taylor Street, N.E.
  Apartment O32
  Washington, D.C.  20017
  Plaintiff – *Pro Se*

               /s/ Lisa E. Dayan
             Lisa E. Dayan

Dated:  New York, New York
    September 6, 2011