UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                                )
LAWRENCE D. CALDWELL,           )
                                )
              Plaintiff,        )
                                ) Civil Action No. 11-1304 (EGS)
          v.                    )
                                )
ANTHONY D. ROMERO, JO-ANNA      )
JOSEPH, and other employees and )
agents unknown to Plaintiff of  )
the American Civil Liberties    )
Union Foundation National       )
Office, in their personal and   )
individual capacities as,       )
                                )
              Defendants.       )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
```

## MEMORANDUM OPINION

This case is before the Court on defendants' Motion to Dismiss.  Plaintiff Lawrence D. Caldwell, proceeding *pro se*, filed a complaint on July 19, 2011, pursuing claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.1, *et seq*. Defendants moved to dismiss, citing insufficient service of process,[1] lack of personal jurisdiction, and failure to state a

---

[1] In his Opposition, plaintiff conceded that service of process had been insufficient.  Plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp.") at 2.  In their Reply, however, defendants agreed to accept service while preserving their arguments related to personal jurisdiction, rendering the

claim.  Upon consideration of defendants' motion, the response and reply thereto, the applicable law, the entire record, and for the reasons set forth below, the Court hereby **GRANTS** defendants' motion to dismiss.

### I.    BACKGROUND

Plaintiff is a resident of the District of Columbia and a former employee of the National Prison Project ("NPP") of the American Civil Liberties Union Foundation ("ACLU").  Compl. ¶ 3. Plaintiff began working as an unpaid volunteer at the NPP in April 2004, and was offered and accepted a part-time paid position as a paralegal several weeks later.  *Id.* ¶ 7.  In April 2005, plaintiff was offered and accepted a full-time paid position as a paralegal.  *Id.*

Defendant Anthony Romero is the current Director of the ACLU and works in its National Office, located at 125 Broad Street, New York, New York.  Compl. ¶ 4.  He is being sued in his individual capacity.  *Id.*  Romero reports to, and is a member of, the ACLU's 83-member Board of Directors.  Defendants' Mot. to Dismiss, Exhibit 1, Declaration of Anthony D. Romero ("Romero Decl.") ¶ 7.  Romero's personal residence is in New Jersey*, id.* ¶ 8, and he does not own or rent property in the District of Columbia.  *Id.* ¶ 9.  Romero states that his travel

service issue moot.  Defendants' Reply in Further Support ("Defs.' Reply") at 1.

to the District of Columbia is limited to official ACLU
purposes, with the exception of two personal trips made in the
last ten years.  *Id*. ¶¶ 10-12.  Plaintiff alleges that Romero
visited the NPP offices located in the District of Columbia
three times while plaintiff was employed at the NPP, and that
Romero spoke to plaintiff on one of those occasions.  Pl.'s Opp.
at 3-4.

Defendant Jo-Anna Joseph is the Director of Human Resources
of the ACLU and also works in its National Office, located at
125 Broad Street, New York, New York.  Compl. ¶ 5.  She is being
sued in her individual capacity.  *Id*.  Joseph's personal
residence is in New Jersey, and she does not own or rent
property in the District of Columbia.  Defendants' Mot. to
Dismiss, Exhibit 2, Declaration of Jo-Anna Joseph ("Joseph
Decl.") ¶¶ 8-9.  Joseph does not transact or solicit any
business in the District of Columbia, and her travel is limited
to official trips related to her ACLU employment and three
personal trips in the last four years.  *Id*. ¶¶ 10-12.  In his
opposition, plaintiff states that Joseph met with "the entire
administrative staff of the NPP, including plaintiff" in 2008 to
discuss the "efficiency" of the NPP, among other topics.  Pl.'s
Opp. at 4.

On January 22, 2009, plaintiff received a letter signed by
defendant Joseph and another ACLU employee, Elizabeth Alexander,

3

informing plaintiff that his paralegal position had been eliminated, effective immediately, "due to the economic crisis." Compl. ¶ 8.  Plaintiff was also informed of the layoff verbally by Ms. Alexander.  *Id*.  Despite the effective date of his termination letter, plaintiff remained at the NPP and received a regular salary through February 1, 2009.  *Id*.

On January 26, 2009, the ACLU held a national conference call with all projects and regional offices to discuss the layoffs.  Compl. ¶ 9.  Plaintiff participated in this call, which was chaired by Steven R. Shapiro, Legal Director of the ACLU.  *Id*.  During the call, Mr. Shapiro stated that the ACLU would lay off 10 percent of its staff, institute a hiring freeze, and suspend regular cost-of-living salary increases. *Id*.  Mr. Shapiro stated that all final decisions as to layoffs had been decided by defendant Romero.  *Id*.  According to plaintiff, his position was the only position eliminated at the NPP, and all administrative staff who retained their positions were younger than plaintiff.  Compl. ¶ 8.

On June 5, 2009, the ACLU listed a job opening for a "Legislative & Policy Counsel Assistant" on its national website.  Defendants' Mot. to Dismiss, Margolis Aff., Ex. B.[2]

---

[2] Plaintiff incorporates the job posting by reference in his complaint (Compl. ¶ 11) but does not attach it and improperly cites the title of the posting. The Court may properly refer to the copy of the job posting attached to defendants' Motion to

The posting stated that paralegal experience was "a plus."
Compl. ¶ 11.  Plaintiff submitted his resume for consideration
to defendant Joseph and received an email from another ACLU
employee several weeks later confirming that his resume had been
received.  *Id*.  Plaintiff states, without providing further
detail, that he "subsequently learned a much younger individual
had been hired."  *Id*.

On September 24, 2009, plaintiff filed a complaint against
the defendants with the Equal Employment Opportunity Commission
("EEOC"), charging age discrimination in employment.[3]  The EEOC
ultimately dismissed plaintiff's charges and closed its
investigation on April 29, 2011, finding no information
sufficient to establish a statutory violation.  Compl. ¶ 11, Ex.
1.  Plaintiff filed his complaint on July 19, 2011.  At the time
the complaint was filed, plaintiff was sixty-five years old.
Compl. ¶ 7.

---

Dismiss without converting the motion to one for summary
judgment.  *Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d
45, 46 (D.D.C. 2009).

[3] Plaintiff did not include any documents regarding his EEOC
claim other than the April 29, 2011 Dismissal and Notice of
Rights.  Because the issue of exhaustion of remedies is not
before the Court, the Court assumes that the EEOC complaint was
filed against the same parties and included the same allegations
as this action.  Compl. ¶ 11, Ex. 1.

## II.   LEGAL STANDARD

A plaintiff bears the burden of making a *prima facie* showing that the Court has personal jurisdiction over a defendant.  *Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011) (citing *Ballard v. Holinka*, 601 F. Supp. 2d 110, 117 (D.D.C. 2009)).  A plaintiff must plead specific facts providing a basis for personal jurisdiction, *id.* at 51, and a plaintiff cannot rely on merely conclusory allegations.  *Buesgens v. Brown*, 567 F. Supp. 2d 26, 31 (D.D.C. 2008).  Accordingly, to establish personal jurisdiction over a defendant, the plaintiff must allege specific acts connecting the defendant with the forum.  *Id.* (citing *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).  Although complaints filed by *pro se* plaintiffs are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims."  *Kurtz*, 779 F. Supp. 2d at 51 (quoting *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010)).

On a motion to dismiss for lack of personal jurisdiction, a Court may consider material outside of the pleadings.  *Thompson Hine LLP v. Smoking Everywhere Inc.*, --- F. Supp. 2d ----, 2012 WL 32337, *2 (D.D.C. Jan. 6, 2012); *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).  When considering whether

6

personal jurisdiction exists, the Court need not treat all of plaintiff's jurisdictional allegations as true. *Buesgens*, 567 F. Supp. 2d at 31.   Instead, the court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts. *Id*.   Any factual discrepancies should be resolved in favor of the plaintiff. *Id*.

    In the D.C. Circuit, personal jurisdiction must be determined by reference to District of Columbia law. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).   To establish personal jurisdiction over a nonresident of the District of Columbia, a court must engage in a two-part inquiry: 1) whether jurisdiction is applicable under the District of Columbia's long-arm statute, and 2) whether a finding of jurisdiction satisfies the constitutional requirements of due process. *Id*.   The District of Columbia's long-arm statute provides:

> A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim arising from the person's
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or

> solicits business, engages in any other
> persistent course of conduct, or derives
> substantial revenue from goods used or consumed,
> or services rendered, in the District of
> Columbia.

D.C. Code § 13-423(a)(1)-(4). The "transacting any business" prong of subsection (1) has been interpreted to be coextensive with the Constitution's due process requirements and thus the two merge into a single inquiry. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

When seeking to exercise personal jurisdiction under subsection (a)(1) of the D.C. long-arm statute over an employee or officer of a company who is being sued in his individual capacity, a plaintiff must establish that the employee's *personal* contacts with the forum are sufficient to establish personal jurisdiction, in contrast to acts or contacts carried out solely in the course of employment. *D'Onforio v. SFX Sports Group, Inc.*, 534 F. Supp. 2d 86, 91 (D.D.C. 2008) (dismissing claims for lack of personal jurisdiction over defendants sued in personal capacity, where allegations were based on acts within the scope of defendants' employment); *Wiggins v. Equifax*, 853 F. Supp. 500, 503 (D.D.C. 1994). Thus, "plaintiff bears the burden of demonstrating that the individual defendants are subject to personal jurisdiction in their own right apart from any jurisdiction that may exist over their corporate-entity

employers." D'Onforio, 534 F. Supp. 2d at 90-91 (citing *Keeton*

*v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).

Allegations that fall squarely within the defendant's scope of

employment will not create sufficient contacts to establish

personal jurisdiction.  *Id.* at 91.[4]

### III. DISCUSSION

Although not pled by the plaintiff, the Court will construe

the complaint liberally as including the allegation that

personal jurisdiction over defendants is proper under subsection

(a)(1) of the District of Columbia's long-arm statute.[5]

Subsection (a)(1) provides that a Court may exercise

---

[4] A limited exception has been recognized by this Court where a
defendant is "more than an employee of the corporation" and
exerts a significant degree of control over the company as a
whole.  *Compare Azmar v. Stern*, 662 F. Supp. 2d 166, 175 (D.D.C.
2009) (personal jurisdiction over employee in his personal
capacity was appropriate where employee was "sole owner and
officer" who "controls the management and policies of his
corporation") *with D'Onforio*, F. Supp. 2d at 93 n.6 (declining
to find that officers were subject to personal jurisdiction in
their individual capacities where they were "not the only
corporate officers of their respective companies and plaintiff
does not suggest that those two individuals control all aspects
of the relevant corporations").  Plaintiff does not allege that
Romero or Joseph control all aspects of the NPP or ACLU, nor
does it appear from Romero and Joseph's declarations and the
nature of their roles within the ACLU that plaintiff would have
a basis for any such allegations.

[5] The Court finds subsection (a)(2) to be inapplicable because
the complaint does not allege the existence of a contract to
supply goods and services in the District of Columbia.
Similarly, the Court finds subsections (a)(3) and (4) to be
inapplicable because the complaint does not allege the
commission of a tort.

jurisdiction over a person as to a claim arising from the person's "transacting any business in the District of Columbia." As discussed below, however, plaintiff fails to establish a basis for the court to exercise personal jurisdiction over either defendant.

Plaintiff's complaint and his opposition to defendants' Motion to Dismiss fail to set forth any facts that would permit this court to exercise long-arm jurisdiction over defendants Romero and Joseph. With respect to Romero, the Director of the ACLU, plaintiff's allegations include only Romero's approval of a nationwide 10 percent reduction in workforce (Compl. ¶ 9), Romero's three visits to the NPP's office during the five years plaintiff worked there (Pl.'s Opp. at 4), and an unspecified conversation plaintiff had with Romero, apparently unrelated to plaintiff's termination, during one of those visits. *Id*. With respect to Joseph, the Director of Human Resources, plaintiff alleges only that Joseph was a signatory of plaintiff's January 2009 termination letter (Compl. ¶ 8), that she was the recipient of plaintiff's June 2009 job application, (Compl. ¶ 11), and that she traveled to the NPP office once in 2008 to meet with the administrative staff regarding the general "efficiency" of the office. Pl.'s Opp. at 4. These facts fall squarely within the scope of Romero's and Joseph's employment with the ACLU, and do not involve either defendant doing business in a personal

capacity in the District of Columbia.  They are therefore insufficient to support personal jurisdiction over either defendant.  *See D'Onforio*, 534 F. Supp. 2d at 92-93.

The facts set forth in the defendants' declarations further undermine a finding of personal jurisdiction.  Romero states that he lives in New Jersey, that he does not rent or own property in the District of Columbia, and that he does not conduct personal business within the District.  Romero Decl. ¶¶ 7-12.  Similarly, Joseph states that she lives in New Jersey, that she does not rent or own property in the District of Columbia, and that she does not conduct personal business within the District.  Joseph Decl. ¶¶ 8-13.  Though these facts are outside the pleadings, the Court may consider them on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).  *See Thompson Hine LLP,* --- F. Supp. 2d ----, 2012 WL 32337, *2; *Artis*, 223 F. Supp. 2d at 152.

Although not raised by the plaintiff, the Court has considered whether the exception for defendants who are "more than an employee" would provide a basis for the Court to exercise personal jurisdiction over the defendants in this case.  Because the complaint and the parties' briefing on the motion to dismiss are devoid of any facts suggesting that either defendant exercised control over the ACLU or NPP as a whole, the Court

finds the exception to be inapplicable.  *See D'Onforio*, F. Supp. 2d at 93, n.6.

As explained above, it is plaintiff's burden to prove that there is an adequate basis to assert personal jurisdiction over the defendants and he has failed to carry that burden here. Accordingly, for the foregoing reasons, the Court must **GRANT** defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction.  Having found sufficient grounds to grant defendants' motion, the Court does not reach defendants' arguments regarding plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**IV.   CONCLUSION**

Defendants' Motion to Dismiss Plaintiff's Complaint is hereby **GRANTED**.  An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **March 2, 2012**